UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————————————

PAPADOPOULOU,

                    Plaintiff,

                                              16-cv-08733 (JGK)

          - against -

                                              MEMORANDUM OPINION
ZINI BOUTIQUE NA LLC ET AL,                   AND ORDER

                    Defendants.
———————————————————————————————

JOHN G. KOELTL, District Judge:

      The plaintiff, Katifenia Papadopoulou, proceeding *pro se*,
asserted in her original complaint that the basis for this
Court's jurisdiction was diversity jurisdiction, 28 U.S.C. §
1332. See Compl. ¶ II.A. On November 18, 2016, upon reviewing
the Complaint, this Court identified threshold issues regarding
its subject matter jurisdiction to hear the plaintiff's case,
including that diversity jurisdiction might not be adequately
pleaded. See Dkt. 4.

      In particular, this Court noted that, "the plaintiff is
alleged to be an alien with Greek citizenship, and two of the
defendants are alleged to be aliens with Greek citizenship.
'However, diversity is lacking . . . where the only parties are
foreign entities, or where on one side there are citizens and
aliens and on the opposite side there are only aliens.'" Dkt. 4
(quoting Universal Licensing Corp. v. Paola del Lungo S.p.A.,
293 F.3d 579, 581 (2d Cir. 2002)).

                              1

Accordingly, this Court gave the plaintiff the opportunity to replead to cure the jurisdictional defect. See Dkt. 4. The plaintiff subsequently filed an Amended Complaint, which demonstrates that the Court does not have subject matter jurisdiction over the case. Like the original complaint, the Amended Complaint asserts that the basis for jurisdiction is diversity of citizenship. Am. Compl. ¶ II.A. And, like the original complaint, the Amended Complaint alleges that that the plaintiff is an alien with Greek citizenship, and that two of the defendants are aliens with Greek citizenship. Am. Compl. ¶ II.B. Accordingly, "diversity is lacking" here. Universal Licensing Corp., 293 F.3d at 581.

"Because of the limited jurisdiction of the federal courts, . . . it is incumbent upon this court to raise the question of subject matter jurisdiction sua sponte whenever it appears from the pleadings or otherwise that jurisdiction is lacking." John Birch Soc'y v. Nat'l Broad. Co., 377 F.2d 194, 199 (2d Cir. 1967). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Crowhurst v. Szczucki, No. 16-CV-00182 (JGK), 2017 WL 519262, at *2 (S.D.N.Y. Feb. 8, 2017). The Court does not have subject matter jurisdiction and thus must dismiss the action.

For the foregoing reasons, the Amended Complaint is **dismissed** for want of subject matter jurisdiction. The Clerk of the Court is directed to enter judgment and to close this case. The Clerk is also directed to close all pending motions.

**SO ORDERED.**

**Dated:**      **New York, New York**
          **March 22, 2017**          _____/s/_____
                                      **John G. Koeltl**
                              **United States District Judge**